## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jorge H.C.F.,                                    Civil No. 26-1111 (DWF/SGE)

              Petitioner,

v.

                                            **MEMORANDUM**
Pamela Bondi, *Attorney General of the*            **OPINION AND ORDER**
*United States*; Kristi Noem, *Secretary,*
*U.S. Department of Homeland Security*;
U.S. Department of Homeland Security;
Todd M. Lyons, *Acting Director of*
*Immigration and Customs Enforcement*;
U.S. Immigration and Customs
Enforcement; and David Easterwood,
*Acting Director, St. Paul Field Office*
*Immigration and Customs Enforcement*,

              Respondents.


## INTRODUCTION

This matter is before the Court on Petitioner Jorge H.C.F.'s petition for a writ of
habeas corpus (the "Petition").  (Doc. No. 1.)  Respondents filed a response seeking
dismissal or transfer and, alternatively, asserting authority to detain Petitioner under
8 U.S.C. § 1225.  (Doc. No. 4.)  Petitioner then filed a motion for contempt.  (Doc.
No. 5.)  For the reasons set forth below, the Court grants the Petition, orders Respondents
to release Petitioner immediately, denies the motion to dismiss or transfer, and denies as
moot the motion for contempt.

## BACKGROUND

Petitioner is a citizen of Venezuela and a resident of Fridley, Minnesota.  (Doc. No. 1 ¶ 11.)  He entered the United States on November 5, 2023.  (*Id.*)  He has a six-year-old daughter and a pregnant wife.  (*Id.* ¶ 2.)

Shortly after entering the United States, Petitioner was encountered by United States Border Patrol agents and detained.  (*Id.*; Doc. No. 4 at 2; Doc. No. 4-1.)  He was issued a Notice to Appear and released on recognizance under an Order of Release on Recognizance ("OREC").  (Doc. No. 4 at 2.)  Notably, OREC forms are used for release under 8 U.S.C. § 1226.  *See Order of Release on Recognizance*, U.S. Immigr. & Customs Enf't, https://www.ice.gov/doclib/detention/checkin/I_220A_OREC.pdf (last visited Feb. 10, 2026).  Upon release, Petitioner entered the Intensive Supervision Appearance Program ("ISAP").  (Doc. No. 1 ¶ 11.)  ISAP requires bi-weekly check-ins and location tracking via an ankle monitor, among other requirements.  (*Id.*)  Petitioner has complied with all conditions of the ISAP, except for one missed phone call.  (*Id.* ¶¶ 3, 11.)  Petitioner also has a pending application for asylum.  (*Id.*; Doc. No. 4 at 2.)

On February 4, 2026, Petitioner was detained at one of his regular ISAP check-in meetings.  (Doc. No. 4 at 2; Doc. No. 1 ¶ 11.)  He was first taken to an U.S. Immigration and Customs Enforcement ("ICE") detention center at Fort Snelling in Minnesota.  (Doc. No. 1 ¶ 18.)  That same day, he was transferred to an ICE detention facility in El Paso, Texas.  (Doc. No. 4 at 3.)  On February 5, 2026, Petitioner's counsel attempted to locate Petitioner, but the ICE locator did not yield any results.  (Doc. No. 1 ¶ 18.)  On February 7, 2026, Petitioner was booked into an ICE processing center in Pearsall, Texas.

2

(Doc. No. 4 at 3.)  As of February 10, 2026, Petitioner has been moved back to

Minnesota and remains in ICE custody at Sherburne County Jail. [1] *Online Detainee*

*Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last

visited Feb. 10, 2026).

Petitioner filed the Petition on February 5, 2026.  (Doc. No. 1 at 17.)  Petitioner

claims that his detention violates the Due Process Clause of the Fifth Amendment, the

Immigration and Nationality Act, and the Administrative Procedure Act.  (*Id.* ¶¶ 42-60.)

Petitioner asks the Court to order his immediate release, or alternatively, order

Respondents to conduct a bond hearing consistent with 8 U.S.C. § 1226(a) within seven

days.  (*Id.* at 16.)  Respondents filed a response seeking dismissal or transfer and,

alternatively, asserting authority to detain Petitioner under 8 U.S.C. § 1225.[2]  (Doc.

No. 4.)

---

[1]     On February 6, 2026, the Court enjoined Respondents from moving Petitioner
from this District and ordered Respondents to immediately return Petitioner to Minnesota
if he had already been moved.  (Doc. No. 3.)  Respondents violated that Order by failing
to return Petitioner to Minnesota and instead moving Petitioner to a different location in
Texas.  In response to that violation, Petitioner filed a motion for contempt.  (Doc. No. 5.)
However, Respondents have since remedied that violation by returning Petitioner to
Minnesota.  The Court therefore denies the motion for contempt as moot.

[2]     Respondents filed this response shortly after the deadline.  (*See* Doc. No. 4 at 1.)
The Court excuses the fifty-one-minute delay due to Counsel's family emergency.

## DISCUSSION

### I.    Motion to Dismiss or Transfer

As a threshold matter, Respondents challenge the Court's jurisdiction to hear the Petition.  (Doc. No. 4 at 3-4.)  They ask the Court to either dismiss the Petition or transfer the matter to the Northern District of Texas.  (*Id.*)  The motion to dismiss or transfer is denied.

Generally, jurisdiction over a habeas petition lies only in the district of confinement.  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  However, "[w]hen . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules."  *Id.* at 450 n.18.  At the time of filing, Petitioner's counsel attempted to locate Petitioner using ICE's online detainee locator system, but the locator did not yield any results.  (Doc. No. 1 ¶ 18.)  The exception therefore applies because Petitioner's location was unknown.  Further, now that Respondents have returned Petitioner to Minnesota, this District is the district of confinement.  For both of these reasons, the Court has jurisdiction over the Petition.

### II.    Merits of the Petition

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That authority includes jurisdiction to hear habeas challenges to immigration-related detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a

preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents assert that Petitioner is subject to mandatory detention under § 1225, arguing that he is an "applicant for admission" because he was encountered and detained shortly after unlawfully entering the United States.  (Doc. No. 4 at 4-6.)  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings.  *See id.* § 1226(a).  As this Court has explained in previous cases, under the plain language of the statute, a person apprehended after already being present in the United States is properly detained under § 1226.  *See, e.g.*, *Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Here, Petitioner is not an arriving noncitizen because he has been in the United States for over two years.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  Petitioner is subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Respondents seem to suggest that Petitioner is subject to § 1225 because he was previously detained near the border shortly after his arrival.  However, Respondents do not explain how that encounter is relevant here.  Petitioner was released from detention after that initial encounter and his February 2026 detention is an entirely separate event.

Further, Respondents fail to address the impact of his prior release under § 1226. Respondents do not show that Petitioner's OREC was revoked or that there was any change in circumstances that would warrant its revocation. Sections 1225 and 1226 are meant to address different populations, they are not interchangeable. *See Adriana M.Y.M. v. Easterwood*, No. 26-cv-213, 2026 WL 184721, at *4 (D. Minn. Jan. 24, 2026) (citing *Jennings*, 583 U.S. at 285-90).

Lastly, Respondents argue that Petitioner's pending asylum application warrants categorization as an applicant for admission because he is seeking admission through asylum. (Doc. No. 4 at 6.) The Court has already considered and rejected this argument. *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026). The fact that a petitioner is an applicant for asylum does not change the Court's § 1225 analysis.

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a) must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008)

("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.      The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3.      Respondents' motion to dismiss or transfer (Doc. No. [4]) is **DENIED**.

4.      Respondents are **ORDERED** to release Petitioner from custody immediately, subject only to the conditions of his prior Order of Release on Recognizance.

5.      Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

6.      Respondents are directed to release Petitioner:

        a.      In Minnesota;

        b.      With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

        c.      Without any new conditions on release, including but not limited to requiring Petitioner to sign a new "Order of Release on Recognizance" or

requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

        d.      Without any tracking devices; and

        e.      With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

7.     Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

8.     Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

9.     Petitioner's motion for contempt (Doc. No. [5]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 10, 2026          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge